**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4424**

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

RAY LEE CASON,

                              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge. (CR-03-5)

Submitted:  June 30, 2005          Decided:  July 26, 2005

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jennifer W. Moore, THE MOORE LAW FIRM, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Donald D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ray Lee Cason appeals his jury conviction and 444-month sentence for bank robbery by use of a dangerous weapon, in violation of 18 U.S.C. § 2113(d) (2000); possession of a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (2000); and being a felon in possession of a firearm, 18 U.S.C. § 922(g) (2000). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in her view, there are no meritorious grounds for appeal. Counsel and Cason have filed supplemental briefs raising additional issues. We affirm Cason's convictions and sentence.

Counsel raises as a potential issue that Cason's trial counsel rendered ineffective assistance. To succeed in a claim of ineffective assistance on direct appeal, a defendant must show conclusively from the face of the record that counsel provided ineffective representation. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Because the record does not conclusively establish counsel's ineffectiveness, we conclude that Cason's claims must be brought, if at all, in a proceeding under 28 U.S.C. § 2255 (2000).

In his pro se supplemental brief, Cason maintains that the district court violated his Sixth Amendment rights by imposing a sentence enhanced by a designation of career offender status on facts not alleged in the indictment, not admitted by him, and not

found by a jury beyond a reasonable doubt.  Specifically, Cason claims that the district court's finding that his prior convictions qualified as crimes of violence for determining his career offender status, under U.S. Sentencing Guidelines Manual § 4B1.2 (2003), constituted impermissible judicial fact-finding under United States v. Booker, 125 S. Ct. 738 (2005).  However, we conclude from the record that Cason has "no legitimate defense to the career offender designation."  United States v. Harp, 406 F.3d 242, 247 (4th Cir. 2005).

Cason also claims that even if the district court did not err in designating him a career offender, it erred in failing to treat the guidelines as advisory.  Because this objection was not raised in the district court, we review for plain error.  See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).

Although the district court committed error that was plain in treating the guidelines as mandatory, see United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005), Cason cannot demonstrate that the error in imposing his sentence under a mandatory guidelines scheme affected his substantial rights.  Therefore, the sentence is not plainly erroneous in light of Booker.  Neither is there any indication that Cason's sentence was unreasonable; thus, we conclude from the record that Cason's

sentencing challenge lacks merit.  See United States v. White, 405 F.3d 208, 224 (4th Cir. 2005).

As required by Anders, we have examined the entire record in this case and found no error.  Accordingly, we affirm Cason's convictions and sentence and deny his motion to relieve and substitute counsel.  This court requires that counsel inform Cason, in writing, of his right to petition the Supreme Court of the United States for further review.  If Cason requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the Cason. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED